UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JUSTIN PATRICK URIBE,
SID # 22622545,

        Plaintiff,

v.

SRCI DR. GARTH GULICK; SRCI DR.
BRIAN HEMPHILL; SRCI MEDICAL
DIRECTOR MONICA LANDEVERDE;
SRCI NURSE MANAGER ROBERT WHITE;
D.O.C. MEDICAL DIRECTOR DR. CHRIS
DIGUILIO; SRCI SUPERINTENDENT
BRAD CAIN,

        Defendants.

Case No. 2:18-cv-01809-MC

ORDER TO COLLECT FILING FEE

MCSHANE, District Judge:

        Plaintiff, an inmate at the Snake River Correctional Institution, files this action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed in forma pauperis was allowed and plaintiff was ordered to file an amended complaint. (ECF No. 5) Instead, plaintiff filed an "Opening Brief" that does not comply with the instructions set forth in the Court's order. (ECF No. 6) Nonetheless, I am obligated to construe plaintiff's filings liberally, and so construed, his

1    - ORDER TO COLLECT FILING FEE

"Opening Brief" arguably states a claim for deliberate indifference to his serious medical needs against Drs. Gulick and Hemphill. Plaintiff alleges no personal participation in the deprivation of his rights by any of the other named defendants, and the claims against them are dismissed. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Clerk of the Court is directed to send waiver of service packets to Assistant Attorney General Andrew Hallman with respect to the claims against Drs. Gulick and Hemphill. If defendants decline to waive service, plaintiff will be notified and provided the necessary forms for service by the U.S. Marshals Service.

Pursuant to the Prison Litigation Reform Act, a prisoner proceeding in forma pauperis is required to pay the full filing fee of $350 when funds exist. 28 U.S.C. § 1915(b)(1). As plaintiff was advised previously, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's inmate trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid.

Finally, plaintiff moves for a third-party medical examination and a preliminary injunction transferring him to another facility. Plaintiff fails to provide adequate argument or evidence to support any kind of preliminary injunctive relief, and these motions are denied.

## CONCLUSION

Plaintiff's Motions for Third Party Medical Examination and Preliminary Injunction (ECF Nos. 7, 8) are DENIED. Defendants Monica Landeverde, Robert White, Dr. Chris DiGiulio, and Brad Cain are DISMISSED from this action.

The Clerk of the Court is directed to send a copy of this Order, the "Opening Brief" (ECF No. 6), and waiver of service packets to Assistant Attorney General Andrew Hallman.

IT IS ORDERED that the Oregon Department of Corrections shall collect from plaintiff's prison trust account the $350.00 filing fee and shall forward payments to the Clerk of the Court according to the formula set forth above. The payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this Order to:

Oregon Department of Corrections
Central Trust Unit
P.O. Box 14400
Salem, Oregon 97309

IT IS SO ORDERED.

DATED this  14th  day of December, 2018.

                                                s/ Michael J. McShane
                                                Michael J. McShane
                                                United States District Judge